1  CRAIG G. MARGULIES (SBN 185925)
   JEREMY W. FAITH (SBN 190647)
2  NINA Z. JAVAN (SBN 271392)
   **MARGULIES FAITH, LLP**
3  16030 Ventura Boulevard, Suite 470
   Encino, CA  91436
4  Telephone:  (818) 705-2777
   Facsimile:  (818) 705-3777
5  Email:  Craig@MarguliesFaithLaw.com
   Email: Jeremy@MarguliesFaithLaw.com
6  Email: Nina@MarguliesFaithLaw.com

**FILED & ENTERED**

**AUG 24 2015**

**CLERK U.S. BANKRUPTCY COURT**
**Central District of California**
**BY rust       DEPUTY CLERK**

7
8  [Proposed] Attorneys for  Gospel Light Publications
   Chapter 11 Debtor and Debtor in Possession

9            **UNITED STATES BANKRUPTCY COURT**
              **CENTRAL DISTRICT OF CALIFORNIA**
10                **NORTHERN DIVISION**

11  In re

12                                              Case No.: 9:15-bk-11586-PC

13  GOSPEL LIGHT PUBLICATIONS,                  Chapter:   11

14

15        Debtor and Debtor in                  **ORDER:**
          Possession.
16                                              **(1)  APPROVING BID PROCEDURES**
                                                **FOR THE SALE OF DEBTOR'S**
17                                              **EQUITY INTEREST IN ZDL**
                                                **HOLDINGS, LLC;**
18
                                                **(2)  SCHEDULING AN AUCTION AND**
19                                              **HEARING TO CONSIDER THE**
                                                **SALE AND APPROVE THE FORM**
20                                              **AND MANNER OF NOTICE**
                                                **RELATED THERETO; AND**
21
                                                **(3)  GRANTING RELATED RELIEF**
22
23                                              **Sale Hearing and Auction**:
                                                Date:      September 22, 2015
24                                              Time:      10:00 a.m.
                                                Place:     U.S. Bankruptcy Court
25                                                         1415 State Street, Ctrm. 201
                                                         Santa Barbara, CA 93101
26
27
28

1    Upon the motion (the "Motion to Sell", Dkt. No. 9)[1] of Debtor and Debtor in

2    Possession Gospel Light Publications (the "Debtor") for entry of an order, pursuant to

3    section 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules

4    2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (F.R.B.P.),

5    *inter alia*, approving the Bid Procedures, approving the ZDL APA and the Sale of the ZDL

6    Asset to Purchaser, free and clear of all liens, claims, encumbrances and interests,

7    subject to the bidding/auction process proposed by the Debtor; the Court having

8    jurisdiction to consider the Motion to Sell and the relief requested therein pursuant to 28

9    U.S.C. §§ 157 and 1334; consideration of the Motion to Sell and the relief requested

10    therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); venue being proper

11    pursuant to 28 U.S.C. §§ 1408 and 1409; it appearing that the relief requested in the

12    Motion to Sell is in the best interest of the Debtor's estate, its creditors, and all other

13    parties in interest; the Debtor having provided appropriate notice of the Motion to Sell and

14    the opportunity for a hearing on the Motion to Sell under the circumstances such that no

15    other or further notice with respect to the approval of the Bid Procedures need be

16    provided; the Court having reviewed the Motion to Sell and having heard the statements

17    in support of the relief requested therein at a hearing before the Court; the Court having

18    considered the Motion to Sell, all pleadings and papers filed in connection with the Motion

19    to Sell, including the "Declaration of Dave Thornton, Chief Executive Officer, in Support of

20    Emergency First Day Motions" and the Memorandum of Points and Authorities filed in

21    support thereof, and the arguments of counsel and evidence proffered at the hearing on

22    the Motion to Sell; and after due deliberation and good and sufficient cause appearing

23    therefor,

24    **THE COURT HEREBY MAKES THE FOLLOWING FINDINGS**:

25    a. The bid procedures attached hereto as **Exhibit "1"** (the "Bid Procedures") are

26       reasonable and appropriate under the circumstances of this Chapter 11 case and

27       serve to maximize value for the benefit of the Debtor and its estate. The Bid

28

---

[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Motion to Sell.

1  Procedures carefully balance the Debtor's interests in (i) inducing a buyer to

2  commit to purchase the ZDL Asset, (ii) preserving the opportunity to attract higher

3  and better offers, and (iii) expediting and facilitating the sale process.

4     b. The Notice of Bid Procedures, Auction and Sale Hearing, in the form attached

5  hereto as **Exhibit "2"** (the "Sale and Bid Procedures Notice"), provides adequate

6  notice concerning the proposed Sale, and is intended to provide due and adequate

7  notice of the relief sought in the Motion to Sell.

8  **IT IS HEREBY ORDERED THAT**:

9      1.   The Bid Procedures as set forth on the attached **Exhibit "1"** are approved in

10  their entirety, and are incorporated herein by reference;

11      2.   The proposed Sale and the Sale Hearing (as defined below) shall be

12  conducted in accordance with the provisions of this Bid Procedures Order and the Bid

13  Procedures;

14      3.   By no later than fourteen (14) days following entry of this Bid Procedures

15  Order, the Debtor shall serve, by first class U.S. or international mail, the Sale and Bid

16  Procedures Notice on (a) the U.S. Trustee; (b) counsel for the official committee of

17  unsecured creditors, if appointed (the "Committee"); (c) the creditors appearing on the list

18  filed in accordance with F.R.B.P. 1007(d); (e) counsel for the Purchaser; (f) parties that

19  have filed with the Court requests for notice of all matters in accordance with F.R.B.P.

20  2002; (g) all entities known to the Debtor to have asserted any liens or other interests in

21  the ZDL Asset; and (h) all federal, state, and local regulatory, taxing and other authorities

22  which have a reasonably known interest in the relief requested by the Motion to Sell,

23  including the United States Attorney's office, all state attorneys general in states in which

24  the Debtor and/or its network of dealers does business, and the Internal Revenue Service

25  (collectively, the "Notice Parties");

26      4.   Compliance with all of the foregoing notice provisions shall constitute

27  sufficient and reasonable notice of the Debtor's Sale of the ZDL Asset, and no additional

28

1  notice of the Sale, the contemplated transactions and other matters set forth in the Motion

2  to Sell need be given under the F.R.B.P., the L.B.R., or otherwise.

3         5.      The hearing on the Motion to Sell the ZDL Asset shall take place on

4  **September 22, 2015 at 10:00 a.m. PST** (the "Sale Hearing"), before the Honorable Peter

5  H. Carroll, United States Bankruptcy Judge, at the United States Bankruptcy Court for the

6  Central District of California, 1415 State Street, Courtroom 201, Santa Barbara, California.

7  If the Debtor receives more than one Qualified Bid (as defined in the Bid Procedures), an

8  auction will be held at the Sale Hearing wherein the Debtor shall seek approval for the

9  Successful Bid(s) and Backup Bid(s) and the Sale at the Sale Hearing, which may be

10 adjourned from time to time, without further notice.

11        6.      Counsel for the Debtor is authorized to hold and conduct any auction at the

12 Sale Hearing in accordance with the Bid Procedures.

13        7.      Notwithstanding the possible applicability of F.R.B.P. 6004, 6006 and 7062

14 or otherwise, the terms and conditions of this Bid Procedures Order shall be immediately

15 effective and enforceable upon its entry, and no automatic stay of execution shall apply to

16 this Bid Procedures Order.

17

18                                        # # #

19

20

21

22

23

24   Date: August 24, 2015        _____

25                                 Deborah J. Saltzman
                                  United States Bankruptcy Judge
26

27

28

CRAIG G. MARGULIES (SBN 185925)
JEREMY W. FAITH (SBN 190647)
NINA Z. JAVAN (SBN 271392)
**MARGULIES FAITH, LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA  91436
Telephone:  (818) 705-2777
Facsimile:  (818) 705-3777
Email:  Craig@MarguliesFaithLaw.com
Email: Jeremy@MarguliesFaithLaw.com
Email: Nina@MarguliesFaithLaw.com

[Proposed] Attorneys for  Gospel Light Publications
Chapter 11 Debtor and Debtor in Possession

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA
## NORTHERN DIVISION

| | |
|---|---|
| In re | )<br>)<br>) Case No.: 9:15-bk-11586-PC |
| | ) Chapter:    11 |
| GOSPEL LIGHT PUBLICATIONS, | )<br>)<br>) |
| | ) **BID PROCEDURES** |
| Debtor and Debtor in Possession. | )<br>)<br>)<br>) |

Gospel Light Publications, as debtor and debtor in possession (the "Debtor"), has filed a chapter 11 case pending in the United States Bankruptcy Court for the Central District of California and administered under Case No. 9:15-bk-11586-PC.  By motion dated August 10, 2015 (the "Motion to Sell"),[1] the Debtor sought, among other things, approval of the process and procedures set forth below (the "Bid Procedures") through which it will determine the highest and best offer for the Debtor's sixty-three percent (63%) equity interest in ZDL Holdings, LLC, a North Carolina Limited Liability Company (the "ZDL Asset").   At the hearing on August 13, 2015, the Bankruptcy Court approved the Bid Procedures.

---

[1] Capitalized terms not otherwise defined herein shall have the same meaning as in the Motion to Sell.

1    The Court further ordered that a hearing on the Motion to Sell shall take place on

2 **September 22, 2015** at **10:00 a.m. PST**, during which the Bankruptcy Court shall conduct

3 the Sale Hearing, where the Debtor shall seek entry of the Sale Order authorizing and

4 approving the sale of the ZDL Asset (the "Sale") to the Purchaser or to one or more other

5 Qualified Bidders, which offer (or offers) that the Debtor determines to constitute the

6 highest and best offer.

7                                   **ZDL APA**

8    On August 4, 2015, the Debtor entered into an asset purchase agreement titled

9 "Ownership Interest Redemption Agreement" (the "ZDL APA") with Pacific Resources

10 International, LLC ("PRI" or the "Purchaser"), pursuant to which the Purchaser proposes to

11 acquire the ZDL Asset.    Pursuant to the ZDL APA, the Purchaser will provide

12 consideration for the ZDL Asset ($175,000.00) as provided in the ZDL APA (the

13 "Purchase Price").    The transaction contemplated by the ZDL APA is subject to

14 competitive bidding as set forth herein, and approval by the Bankruptcy Court pursuant to

15 sections 105, 363 and 365 of Title 11 of the United States Code (the "Bankruptcy Code").

16                          **Assets for Sale or Disposition**

17    The Debtor is offering for sale the ZDL Asset as set forth in the ZDL APA.  The ZDL

18 Asset is the Debtor's sixty-three percent (63%) membership interest in ZDL Holdings,

19 LLC, a North Carolina Corporation which does business in China publishing Christian

20 literature and providing consulting services.

21                          **Participation Requirements**

22    In order to participate in the bidding process and to otherwise be considered for

23 any purpose hereunder, a person interested in the ZDL Asset (a "Potential Bidder") must

24 first deliver (unless previously delivered) to the Debtor and its counsel the following (the

25 "Participation Requirements"):

26    1. Confidentiality Agreement. An executed confidentiality agreement in form and
27       substance acceptable to the Debtor and its counsel (a "Confidentiality Agreement");
         and

28

2

2. <u>Proof of Ability to Perform</u>. Prior to or at the time of presentation of a Bid, written evidence that the Debtor reasonably concludes demonstrates the Potential Bidder has the necessary financial ability to close the contemplated transaction. Such information may include, *inter alia*, the following:

    a. the Potential Bidder's current bank statement evidencing proof of sufficient funds;

    b. contact names and numbers for verification of financing sources;

    c. evidence of the Potential Bidder's internal resources and proof of any debt or equity funding commitments that are needed to close the contemplated transaction;

    d. any such other form of financial disclosure or credit-quality support information or enhancement reasonably acceptable to the Debtor demonstrating that such Potential Bidder has the ability to close the contemplated transaction.

### Designation as Qualified Bidder

A "Qualified Bidder" is a Potential Bidder that delivers the documents described in subparagraphs 1 and 2 above (under the heading "Participation Requirements"), and that the Debtor determines is reasonably likely (i) to submit a *bona fide* offer that would result in greater cash value being received for the benefit of the Debtor's creditors than under the ZDL APA and (ii) to be able to consummate a sale if selected as a Successful Bidder.

Upon the receipt from a Potential Bidder of the information required under subparagraphs 1 and 2 above, the Debtor shall determine, in its sole discretion, whether the Potential Bidder is a Qualified Bidder and notify the Potential Bidder of the Debtor's determination.

The Purchaser (together with any assigns) is a Qualified Bidder and is deemed to satisfy all Bid Requirements (hereinafter defined).

### Access to Due Diligence Materials

The Debtor will provide Potential Bidders with reasonable access to its books and records as they relate to the ZDL Assets, key personnel, officers, accountants and legal

3

1  counsel for the purpose of conducting due diligence. The Debtor shall not be required to

2  provide confidential or proprietary information to a Potential Bidder if the Debtor believes

3  that such disclosure would be detrimental to the interests of the Debtor.  Only Potential

4  Bidders that execute and deliver a Confidentiality Agreement are eligible to receive due

5  diligence access or additional non-public information.  If the Debtor determines that a

6  Potential Bidder that has satisfied the Participation Requirements does not constitute a

7  Qualified Bidder, then such Potential Bidder's right to receive due diligence access or

8  additional non-public information shall terminate.  The Debtor will designate an employee

9  or other representative to coordinate all reasonable requests for additional information and

10  due diligence access from such Qualified Bidders.  The Debtor is not responsible for, and

11  will bear no liability with respect to, any information obtained by Qualified Bidders in

12  connection with the sale of the ZDL Asset.

13                                          **Bidding Process**

14       The Debtor and its advisors shall: (i) determine whether a Potential Bidder is a

15  Qualified Bidder; (ii) coordinate the efforts of Bidders in conducting their due diligence

16  investigations, as permitted by the provisions above; (iii) receive offers from Qualified

17  Bidders; and (iv) negotiate any offers made to purchase the ZDL Asset (collectively, the

18  "Bidding Process").  The Debtor shall have the right to adopt such other rules for the

19  Bidding Process (including rules that may depart from those set forth herein) that will

20  better promote the goals of the Bidding Process, including modifications to bidding

21  requirements and applicable dates and deadlines.

22                                          **Bid Deadline**

23       **The deadline for submitting bids by a Qualified Bidder shall be September 8,**

24  **2015 at 4:00 p.m. (PST) (the "Bid Deadline"), or such other date as determined by**

25  **the Debtor.**

26       Prior to the Bid Deadline, a Qualified Bidder that desires to make an offer,

27  solicitation or proposal (a "Bid") shall deliver written copies of its Bid by electronic mail to

28  counsel for the Debtor, Margulies Faith, LLP, 16030 Ventura Blvd., Ste. 470, Encino,

4

California 91436, Attn: Craig Margulies, Craig@MarguliesFaithLaw.com.  A Bid received after the Bid Deadline shall not constitute a Qualified Bid.

### Bid Requirements

To be eligible to participate in the Auction, each Bid and each Qualified Bidder submitting such a Bid must be determined by the Debtor to satisfy each of the following conditions (the "Bid Requirements"):

Good Faith Deposit. Each Bid, other than a Bid submitted by the Purchaser, must be accompanied by a deposit (the "Good Faith Deposit") in the form of a certified check or cash payable to the order of the Debtor ("Gospel Light Publications, Debtor and Debtor in Possession") in an amount equal to one-hundred thousand dollars ($100,000.00), and delivered to counsel for the Debtor, Margulies Faith, LLP, 16030 Ventura Blvd., Ste. 470, Encino, California 91436.

Minimum Overbid. The consideration proposed by the Bid may include only cash and/or other consideration acceptable to the Debtor.  The aggregate consideration must equal or exceed the sum of the Purchase Price, plus $10,000.00 (the "Initial Minimum Overbid Increment").

Irrevocable. A Bid must be irrevocable until the earlier of (a) closing of the transaction with the Successful Bidder, or (b) the date that the Sale Order has become final and nonappealable (the "Termination Date").

The Same or Better Terms. The Bid must be on terms that, in the Debtor's business judgment, are substantially the same or better than the terms of the ZDL APA.  A Bid must include a commitment to close as soon as practicable after entry of the Sale Order.

Contingencies. A Bid may not be conditioned on obtaining financing or any internal approval or otherwise be subject to contingencies more burdensome than those in the ZDL APA, unless the Debtor in its discretion otherwise agrees.

Financing Sources. A Bid must contain written evidence of a commitment for financing or other evidence of the ability to consummate the sale satisfactory to the Debtor with appropriate contact information for such financing sources.

No Fees Payable to Qualified Bidder. A Bid may not request or entitle the Qualified Bidder to any break-up fee, termination fee, expense reimbursement or similar type of payment.  Moreover, by submitting a Bid, a Bidder shall be deemed to waive the right to pursue a substantial contribution claim under section 503 of the Bankruptcy Code related in any way to the submission of its Bid or the Bid Procedures.

1    A Bid received from a Qualified Bidder before the Bid Deadline that, in the Debtor's

2 judgment, meets the above requirements and that satisfies the Bid Deadline requirement

3 above shall constitute a "Qualified Bid." In the event that any Potential Bidder is

4 determined by the Debtor not to be a Qualified Bidder, the Potential Bidder shall be

5 refunded its Good Faith Deposit on or before the date that is seven (7) days after the entry

6 of the Sale Order.  The Debtor shall have the right to reject any and all bids that it believes

7 do not comply with the Bid Procedures.  For purposes hereof, the ZDL APA shall

8 constitute a Qualified Bid and the Purchaser (together with any assigns) shall be deemed

9 to be a Qualified Bidder that has satisfied all Bid Requirements.

10                                          **Auction**

11    The Debtor will conduct an auction at the Sale Hearing to determine the highest and

12 best bid with respect to the ZDL Asset in the event that there is a Qualified Bidder in

13 addition to the Purchaser.

14    No later than the day prior to the commencement of the Sale Hearing, the Debtor

15 will notify all Qualified Bidders of (i) the highest and best Qualified Bid, as determined by

16 the Debtor in its discretion (the "Baseline Bid"); and (ii) provide copies of all submitted bids

17 to all Qualified Bidders.  If no higher and better offer is approved at the Sale Hearing, then

18 the Purchaser will be deemed the Successful Bidder, the ZDL APA will be the Successful

19 Bid, and, at the Sale Hearing, the Debtor will seek approval of and authority to

20 consummate the Sale contemplated by the ZDL APA.

21    If there is an auction at the Sale Hearing, it shall be conducted according to the

22 following procedures:

23 ***Participation at the Auction***

24    Only a Qualified Bidder that has submitted a Qualified Bid is eligible to participate

25 at the Auction.  During the auction, bidding shall begin initially with the highest Baseline

26 Bid and subsequently continue in minimum increments of $5,000.00, or such other

27 amount as determined by the Debtor.  Except as otherwise set forth herein, the Debtor

28

6

1  may conduct the Auction in the manner it determines will result in the highest and best

2  offer for the ZDL Asset.

3  ***The Debtor Shall Conduct the Auction***

4  The Debtor and its professionals shall direct and preside over the auction. At the

5  start of the auction, the Debtor shall describe the terms of the Baseline Bid. The

6  determination of which Qualified Bid constitutes the Baseline Bid shall take into account

7  any factors the Debtor reasonably deems relevant to the value of the Qualified Bid to the

8  estate (the "Bid Assessment Criteria"). All Bids made thereafter shall be "Overbids" and

9  shall be made and received on an open basis, and all material terms of each Bid shall be

10  fully disclosed to all other Qualified Bidders.  The Debtor reserves the right to conduct the

11  auction in the manner designed to maximize value based upon the nature and extent of

12  the Qualified Bids received.

13  **Additional Procedures and Modifications**

14  The Debtor may adopt additional rules for the Auction at, or prior to, the Auction

15  that, in its reasonable discretion, will better promote the goals of the Auction.  All such

16  additional rules will be provided to each of the Qualified Bidders at the Auction.  Further,

17  at or before the Sale Hearing, the Debtor may impose such other terms and conditions to

18  the Sale and the Bid Procedures as the Debtor may reasonably determine to be in the

19  best interest of the Debtor's estate, its creditors and other parties in interest.

20  The Debtor may (a) determine which Qualified Bid, if any, is the highest and best

21  offer and (b) reject, at any time before entry of an order of the Bankruptcy Court approving

22  a Qualified Bid, any Bid that is (i) inadequate or insufficient, (ii) not in conformity with the

23  requirements of the Bankruptcy Code, the Bid Procedures, or the terms and conditions of

24  sale, or (iii) contrary to the best interest of the Debtor, its estate and creditors.

25  **Consent to Jurisdiction as Condition to Bidding**

26  All Qualified Bidders at the Sale Hearing shall be deemed to have consented to the

27  core jurisdiction of the Bankruptcy Court and waived any right to a jury trial in connection

28

1  with any disputes relating to the Auction, and the construction and enforcement of each

2  Qualified Bidder's Contemplated Transaction Documents, as applicable.

3                          **Closing the Auction**

4         Upon conclusion of the bidding, the Auction shall be closed, and the Debtor shall (i)

5  identify the highest and best offer for the Purchased Assets (the "<u>Successful Bid</u>") and the

6  entity submitting such Successful Bid (the "<u>Successful Bidder</u>"), (ii) identify the next

7  highest or otherwise best offer after the Successful Bid (the "<u>Back-up Bid</u>") and the entity

8  submitting the Back-up Bid (the "<u>Back-up Bidder</u>"), and (iii) advise the Qualified Bidders of

9  such determination.  Upon seven (7) days' prior notice by the Debtor, the Back-up Bidder

10 selected by the Debtor must immediately proceed with the closing of the transaction

11 contemplated by the Back-up Bid in the event that the transaction with the Successful

12 Bidder is not consummated for any reason.  If the Purchaser's final bid is deemed to be

13 highest and best at the conclusion of the Auction, the Purchaser will be the Successful

14 Bidder, and such bid, the Successful Bid.

15                     **Acceptance of Successful Bid**

16        The Debtor shall sell the ZDL Asset to the Successful Bidder upon the approval of

17 the Successful Bid by the Bankruptcy Court after the Sale Hearing.  The Debtor's

18 presentation of a particular Qualified Bid to the Bankruptcy Court for approval does not

19 constitute the Debtor's acceptance of such Qualified Bid.  The Debtor will be deemed to

20 have accepted a Qualified Bid only when the Qualified Bid has been approved by the

21 Bankruptcy Court at the Sale Hearing.  All interested parties reserve their right to object to

22 the Debtor's selection of the Successful Bidder, and the Debtor reserves the right to

23 contest any such objection, including on the ground that the objector lacks standing.

24                          **"As Is, Where Is"**

25        The sale of the ZDL Asset shall be on an "as is, where is" basis and without

26 representations or warranties of any kind, nature, or description by the Debtor, its agents

27 or its estate except to the extent set forth in the ZDL APA or the purchase agreement of

28 another Successful Bidder.  The Purchaser and each Qualified Bidder shall be deemed to

1  acknowledge and represent that it has had an opportunity to conduct any and all due

2  diligence regarding the ZDL Asset prior to making its offer, that it has relied solely upon its

3  own independent review, investigation and/or inspection of any documents and/or the ZDL

4  Asset in making its bid, and that it did not rely upon any written or oral statements,

5  representations, promises, warranties or guaranties whatsoever, whether express,

6  implied, by operation of law or otherwise, regarding the ZDL Asset, or the completeness of

7  any information provided in connection therewith or the Auction, except as expressly

8  stated in these Bid Procedures or, (i) as to the Purchaser, the terms of the sale of the ZDL

9  Asset shall be set forth in the ZDL APA, or (ii) as to another Successful Bidder, the terms

10  of the sale of the ZDL Asset shall be set forth in the applicable purchase agreement.

11  **Free of Any and All Interests**

12  Except as otherwise provided in the ZDL APA or another Successful Bidder's

13  purchase agreement and subject to the approval of the Bankruptcy Court, all of Debtor's

14  right, title and interest in and to the ZDL Asset subject thereto shall be sold free and clear

15  of all pledges, liens, security interests, encumbrances, claims, charges, options and

16  interests thereon and there against (collectively, the "Interests"), in accordance with

17  section 363(f) of the Bankruptcy Code, with such Interests to attach to the net proceeds of

18  the sale of the ZDL Asset.

19  **Sale Hearing**

20  The Sale Hearing shall be conducted by the Bankruptcy Court at **10:00 a.m. PST**

21  **on September 22, 2015**, before the Honorable Peter H. Carroll, United States Bankruptcy

22  Judge, at the United States Bankruptcy Court for the Central District of California, 1415

23  State Street, Courtroom 201, Santa Barbara, California. The Sale Hearing may be

24  adjourned from time to time, without further notice.

25  If the Successful Bidder fails to consummate an approved sale by the Termination

26  Date, the Debtor shall be authorized, but not required, to deem the Back-up Bid, as

27  disclosed at the Sale Hearing, the Successful Bid, and the Debtor shall be authorized, but

28

9

1 | not required, to consummate the sale with the Qualified Bidder submitting such Bid
2 | without further order of the Bankruptcy Court.

3 | **Return of Good Faith Deposit**

4 | Any Good Faith Deposit of the Successful Bidder shall be applied to the purchase
5 | price of such transaction at Closing.  Good Faith Deposits of Qualified Bidders other than
6 | the Successful Bidder and Back-up Bidder shall be held in a non-interest-bearing account
7 | until seven (7) days after entry of the Sale Order, and thereafter returned to the respective
8 | bidders.  If a Successful Bidder (including any Back-up Bidder that has become the
9 | Successful Bidder) fails to consummate an approved sale because of a breach or failure
10 | to perform on the part of such Successful Bidder, the Debtor shall be entitled to retain the
11 | Successful Bidder's Good Faith Deposit as its liquidated damages resulting from such
12 | Successful Bidder's breach or failure to perform.