1  CRAIG G. MARGULIES (SBN 185925)
   NINA Z. JAVAN (SBN 271392)
2  **MARGULIES FAITH, LLP**
   16030 Ventura Boulevard, Suite 470
3  Encino, CA  91436
   Telephone:  (818) 705-2777
4  Facsimile:  (818) 705-3777
   Email:  Craig@MarguliesFaithLaw.com
5
   Attorneys for  Gospel Light Publications
6  Chapter 11 Debtor and Debtor in Possession

7

8                    **UNITED STATES BANKRUPTCY COURT**
                     **CENTRAL DISTRICT OF CALIFORNIA**
9                            **NORTHERN DIVISION**

10

11  In re                           )   Case No. 9:15-bk-11586-PC
                                    )
12                                  )   Chapter 11
                                    )
13  GOSPEL LIGHT PUBLICATIONS,      )
                                    )   **CHAPTER 11 STATUS REPORT**
14                                  )
                                    )
15         Debtor and Debtor in     )
           Possession.              )   Hearing:
16                                  )   Date:     September 30, 2015
                                    )   Time:     10:00 a.m.
17                                  )   Location: U.S. Bankruptcy Court
                                    )            1415 State Street, Ctrm. 201
18                                  )            Santa Barbara, CA 93101
                                    )
19                                  )

20

21      **TO THE HONORABLE PETER H. CARROLL, UNITED STATES BANKRUPTCY**

22  **JUDGE; THE OFFICE OF THE UNITED STATES TRUSTEE; SECURED CREDITORS;**

23  **THE CREDITORS APPEARING ON THE LIST FILED IN ACCORDANCE WITH RULE**

24  **1007(D) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE; AND PARTIES**

25  **REQUESTING SPECIAL NOTICE:**

26       Debtor Gospel Light Publications (the "Debtor"), the debtor and debtor in

27  possession in the above-referenced bankruptcy case identified as Case Number 9:15-bk-

28

11586-PC (the "Bankruptcy Case") submits the following Chapter 11 Status Report in compliance with the Court's "Order to (1) Disclose Single Asset Real Estate; (2) File Status Report; (3) Attend Status Conference; and (4) File Monthly Interim Statements and Operating Reports" (the "Chapter 11 Order", Dkt. No. 63):

**A. History of the Debtor:**

Founded in 1933, the Debtor is a mid-market Christian media company specializing in the production of print and digital media educational resources to meet the needs of church leaders throughout the world. The Debtor is particularly well-known for its high-quality Vacation Bible School and Sunday School curriculum materials. The Debtor serves approximately 14,000 customers per year, through a combination of direct sales (via website and phone orders) and distributors. A large portion of these customers are churches and schools.

The Debtor operates out of leased offices located at 1923 Eastman Avenue, Ventura, California 93003 (the "Offices") which it has occupied since February 2015. As of the Petition Date, the Debtor has trimmed its head count to 14 employees, some of whom have been with the Debtor since the 1980s. The Debtor's employees handle the Debtor's customer service, sales, marketing, and operations functions.

The Debtor's fulfillment and warehousing needs are met offsite by a third party, R.R. Donnelly & Sons ("RRD"). RRD provides warehousing, assembly and distribution services to the Debtor from a facility in Appleton, Wisconsin (the "Warehouse"). RRD also provides offsite printing services to the Debtor.

The Debtor's most significant assets are its Sunday School Curriculum (the "Sunday School Asset") [1], its Vacation Bible School Curriculum (the "VBS Asset")[2], and its Ministry Resource Line (the "Ministry Asset"). The Sunday School Asset operates on

---

[1] The Sunday School Asset had 4,220 direct customers in 2014 and generated total net revenue of $3,664,125.

[2] The Vacation Bible School Asset, which has impacted the lives of more than sixty-five million children since 1952, had 4,427 direct customers in 2014 and generated $2,055,396.00 in total net revenue.

a subscription model, with customers dependent on receiving new materials every three (3) months. The materials for the next shipment of the Sunday School Asset arrived in the Warehouse at the end of July 2015, with shipment of the assembled materials to customers completed by the end of August 2015. Although it does not operate under the same model as the Sunday School Asset, customers of the Ministry Asset are also dependent upon continuous services and the availability of resources provided by the Debtor.

A number of unanticipated occurrences during the nine (9) months prior to the Petition Date, combined with a long term slowdown in the Christian publishing market, led to the Debtor's need for Chapter 11 relief. Prior to December of 2014, Crestmark Bank ("Crestmark") provided the Debtor with working capital ranging from $1,000,000.00 to $3,000,000.00 annually. In or around early November 2014, Crestmark notified the Debtor that it did not believe the Debtor would be able to satisfy certain loan covenants, which included retaining a $1,000,000.00 cash balance at all times, and provided the Debtor with notice that Crestmark would no longer provide working capital effective January 2015. At that time, the Debtor needed to find an alternate source of working capital to pay fulfillment invoices related to its VBS Asset line which were coming due in January 2015.

In December of 2014, the Debtor and Super G Funding, LLC ("Super G") entered into a short-term financing agreement whereby Super G provided the Debtor with a business loan in the amount of $1,200,000.00 (the "Super G Loan"). The Super G Loan allowed the Debtor to finalize the January 2015 production of the VBS Asset publication.

Shortly after entering into the Super G Loan, one of the Debtor's largest customers, Family Christian Stores, filed a Chapter 11 bankruptcy petition on February

11, 2015.[3] As a result of the Family Christian Stores' bankruptcy, the Debtor did not receive approximately $143,000.00 in expected income, which it was forced to write off.

In addition to the loss of the Family Christian Stores revenue, an issue with the Debtor's web developer also came to a head in February of 2015. In October of 2014, the Debtor retained Bit-Wizards Information Technology Solutions, Inc. ("Bit-Wizards") to design a new, responsive website for the Debtor using a different software platform. Bit-Wizards originally estimated a project cost of approximately $160,000.00 and a projected "Go-Live" date for the new site of January 1, 2015. However, the new site was not deployed until February 14, 2015, by which time Bit-Wizards had billed almost $300,000.00, which was significantly over budget and more than the Debtor had anticipated. Further, the site continued to experience difficulties after deployment which, combined with the delayed launch, resulted in an estimated loss of $120,000.00 of anticipated revenue during the period from January 2015 to June 2015.[4]

Finally, in late April 2015, Insperity, the Debtor's employment services provider, changed the terms of the agreement with the Debtor by requiring the Debtor to begin pre-paying for payroll. This unanticipated modification to the agreement with Insperity further harmed the Debtor's cash flow by necessitating an immediate payment of $85,000.00.

The combination of the foregoing events dropped the Debtor's cash balance in April 2015 to the point that it had to default on its payments under the Super G Loan. The Debtor was also unable to make certain payments under its long term obligation to its warehouse and fulfillment company, RRD. With the slowdown in the market for

---

[3] This case is pending before the United States Bankruptcy Court for the Western District of Michigan (Grand Rapids) as In re Family Christian, LLC, Case Number 15-00643-jtg (jointly administered with In re Family Christian Holding, LLC, Case Number 15-00642 and In re FCS Giftco, LLC, Case Number 12-00644)

[4] Sales through the website are particularly important to the Debtor's cash flow since they are largely credit card sales, which result in immediate payment of the amounts due, rather than payment on credit terms (*e.g.,* 30-day invoicing).

Case 9:15-bk-11586-PC    Doc 78    Filed 09/16/15    Entered 09/16/15 21:23:04    Desc
Main Document    Page 5 of 14

Christian publishing, the Debtor did not foresee a means of continuing to operate under its current business model. Thus, by late April 2015, the Debtor began actively exploring a liquidation strategy in order to maximize the value of its assets for the benefit of creditors.

The Debtor has been actively involved in efforts to liquidate its various assets over the last 8 months. In December 2014, the Debtor's board of directors authorized its Chief Executive Officer, Dave Thornton ("Mr. Thornton"), to explore the sale of the Debtor's membership interest in ZDL Holdings, LLC, a North Carolina Corporation ("ZDL"). ZDL does business in China publishing Christian literature and providing consulting services. The Debtor owns a sixty-three percent (63%) membership interest in ZDL (the "ZDL Asset").

Mr. Thornton approached multiple Christian publishers[5] that expressed an interest in exploring this business opportunity. Although a pre-petition sale of the ZDL Asset could not be finalized, the Debtor was able to enter into an agreement (the "ZDL APA") to sell the ZDL Asset to ZDL's thirty-seven percent (37%) co-owner, Pacific Resources International, LLC ("PRI"). Pursuant to the ZDL APA, which contemplates the instant Bankruptcy Case, PRI will purchase the ZDL Asset for a total purchase price of $175,000.00 (the "ZDL Purchase Price"). Of the ZDL Purchase Price, $100,000.00 has already been paid to the Debtor as a good faith payment, and the remaining $75,000.00 is to be paid at closing. The Debtor is in the process of seeking approval of the ZDL APA pursuant to a noticed motion under 11 U.S.C. § 363. The hearing to approve the sale of the ZDL Asset to PRI is set for September 22, 2015.

After the impact of the Family Christian Stores bankruptcy case, and once the difficulty in obtaining future working capital became apparent, in March 2015, the

---

[5] Due to Non-Disclosure Agreements signed by the various parties, the specific companies approached and/or whom seriously explored the possibility of purchase of the ZDL Asset are not identified by name here.

CHAPTER 11 STATUS REPORT
- 5 -

Case 9:15-bk-11586-PC    Doc 78    Filed 09/16/15    Entered 09/16/15 21:23:04    Desc
Main Document    Page 6 of 14

Debtor's board of directors authorized Mr. Thornton to pursue additional asset sales. From March through July of 2015, Mr. Thornton marketed the Debtor's assets by approaching all of the large Christian publishing companies to explore their interest in a purchase of some or all of the remaining assets. Beginning in April 2015, the Debtor engaged in serious talks with a potential purchaser for the sale of substantially all the Debtor's remaining assets. Although the Debtor ultimately received an offer from the potential purchaser in June 2015, it was determined both that the purchaser would not be able to complete its due diligence within a reasonable timeline, and that a sale of the Debtor's assets in smaller parcels would result in a greater return. Thus, since mid-June 2015, the Debtor has solicited interest from other parties under an asset segregation strategy. While none of these parties agreed to sign an asset purchase agreement prior to the instant bankruptcy filing, it is believed that most would be active bidders in an auction in the Bankruptcy Case.

### B. Type of Plan:

The Debtor will be proposing a liquidating plan, as opposed to a plan of reorganization. The Debtor intends to file a motion for sale of substantially all assets prior to the first Chapter 11 status conference. Once the sale(s) are consummated, the Debtor will continue to wind down its affairs through a liquidating trust.

### C. Cramdown:

The Debtor and RRD are currently engaged in discussions to resolve the treatment of RRD's claim. If the Debtor and RRD are unable to come to an agreement, the Debtor will likely seek confirmation under 11 U.S.C. § 1129(b). If the Debtor and RRD are able to come to an agreement, it is likely that the Debtor we be able to confirm that plan under § 1129(a).

### D. Valuation of Assets:

If the Debtor are RRD are unable to consensually resolve the treatment of RRD's claim, it is likely that valuation of the inventory allegedly securing RRD's claim would be a

CHAPTER 11 STATUS REPORT
- 6 -

necessary component of a litigated resolution of RRD's claim. The Debtor does not anticipate any other litigation concerning the valuation of assets.

### E. Cash Collateral and Adequate Protection:

The Debtor filed its motion to approve the use of cash collateral on August 10, 2015 (the "Cash Collateral Motion", Dkt. No. 7). Among other things, the Cash Collateral Motion sought approval of a cash collateral agreement between Super G and the Debtor. The Cash Collateral Motion was heard on August 13, 2015, an interim order granting use of cash collateral was entered August 19, 2015 (the "Interim Cash Collateral Order", Dkt. No. 37), and a final hearing to approve permanent use of cash collateral was set for September 22, 2015 (the "Continued Cash Collateral Hearing"). Although the Continued Cash Collateral Hearing is still on calendar as to Super G, the Debtor and RRD have stipulated (Dkt. No. 69) to further continue the Continued Cash Collateral Hearing as to RRD to October 21, 2015 in order to permit the Debtor and RRD sufficient time to reach an agreement regarding use of cash collateral. The Debtor is not aware of any other creditors asserting an interest in cash collateral.

### F. Adversary Proceedings:

To the extent that the Debtor is unable to come to an agreement with RRD regarding the treatment of RRD's claim, the Debtor may need to file an adversary proceeding under F.R.B.P. 7001(2) to determine the extent of the lien being asserted by RRD. Any such adversary proceeding as to RRD would likely necessarily be coupled with a claim objection to RRD's claim. The Debtor does not anticipate any other adversary proceedings which would be necessary to confirm or implement a plan.

### G. Environmental Issues:

The estate does not include any property that could potentially give rise to claims or litigation based on federal or state environmental laws.

///

///

**H. Objections to Claims:**

The Debtor and creditor RRD are currently engaged in discussions to resolve the treatment of RRD's claim. To the extent that the Debtor and RRD are unable to come to an agreement regarding plan treatment, the Debtor may need to object to RRD's claim. Any claim objection as to RRD would likely necessarily be coupled with an adversary proceeding under F.R.B.P. 7001(2) to determine the extent of RRD's secured claim. The Debtor is still evaluating all other claims to determine whether additional objections might be appropriate.

**I. Post-Confirmation Sale of Assets:**

The plan will not involve the post-confirmation sale of any assets that will require the involvement of the court.

**J. Anticipated Professional Fees:**

The Debtor's counsel, Margulies Faith, LLP, has a $118,940.65 pre-petition retainer. Depending on the extent of opposition and contested matters throughout the Bankruptcy Case, it is possible that the total fees will exceed the retainer. Total fees and costs in the Bankruptcy Case are estimated to range between $115,000.00 and $180,000.00, although these numbers are only estimates and actual fees and expenses could be higher or lower.

The Debtor has also retained a Certified Public Accountant, Hahn & Fife Company, LLP ("HFC"). As of the Petition Date, HFC was holding a pre-petition retainer totaling $5,000.00. Total fees and costs in the Bankruptcy Case with respect to HFC are estimated to range between $20,000.00 and $40,000.00, although these numbers are only estimates and actual fees and expenses could be higher or lower.

The Debtor will be employing an auctioneer, subject to bankruptcy court approval, to conduct the sale of substantially all of the Debtor's assets. Although the Debtor has not yet filed the application to employ the auctioneer (which will be combined with the motion to approve bid procedures for the proposed sale), the proposed auctioneer will be

Todd Wohl of Braun Company.  Mr. Wohl will charge a commission of five percent (5%) of total sales price, and will utilize a marketing budget that will be capped at $10,000.00.

### K. Small Business Case:

The Debtor does not qualify as a "small business debtor" under 11 U.S.C. §§ 101(51C) & (51D), as it exceeds the debt limits for such designation.

### L. Requirements of Chapter 11 Debtor in Possession:

The Debtor has substantially complied, and continues to substantially comply, with all the duties under 11 U.S.C. §§ 521, 1106, and 1107, and the requirements of L.B.R. 2015-2(a) & (b).  Specifically, the Debtor has filed its Petition and Schedules and will have filed its first monthly operating report (for the period ending August 31, 2015) prior to the first Chapter 11 status conference on September 30, 2015.  The Debtor has provided all initial compliance documents to the U.S. Trustee.  The Debtor has complied with the Court's Chapter 11 Order by serving a copy of the Chapter 11 Order as directed, filing the Debtor's declaration regarding Single Asset Real Estate, and timely filing the instant Status Report.  The Debtor has also established a general Debtor in Possession account and a Debtor in Possession account for cash collateral, which it will continue to maintain as required.

Dated:  September 16, 2015        **MARGULIES FAITH, LLP**

By:  */s/ Nina Z. Javan*
    CRAIG G. MARGULIES
    NINA Z. JAVAN
    Attorneys for Gospel Light
    Publications, Chapter 11 Debtor and
    Debtor in Possession

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
16030 Ventura Blvd., Suite 470, Encino, CA 91436

A true and correct copy of the foregoing documents entitled **CHAPTER 11 STATUS REPORT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On September 16, 2015, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at email addresses stated below:

☒ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR CERTIFIED MAIL** (state method for each person or entity served):
On September 16, 2015, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on September 16, 2015, I served the following persons nd/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| September 16, 2015 | Brian Reed | /s/ Brian Reed |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*    **F 9013-3.1.PROOF.SERVICE**

**ADDITIONAL SERVICE INFORMATION (if needed):**

**1. <u>TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)</u>:**

<u>**COURTESY NEF:**</u> **Martin J Brill**     mjb@lnbrb.com

<u>**COURTESY NEF:**</u> **Daren Brinkman**     office@brinkmanlaw.com, brinkmanlaw@ecf.inforuptcy.com

<u>**ATTORNEY FOR DEBTOR: Jeremy Faith**</u>     Jeremy@MarguliesFaithlaw.com, Helen@MarguliesFaithlaw.com;Noreen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com;Rebekah@MarguliesFaithlaw.com

<u>**UNITED STATES TRUSTEE: Brian D Fittipaldi**</u>     brian.fittipaldi@usdoj.gov

<u>**COURTESY NEF:**</u> **Thomas M Geher**     tmg@jmbm.com, we1@jmbm.com;fc3@jmbm.com;tmg@ecf.inforuptcy.com

<u>**COURTESY NEF:**</u> **John A Graham**     jag@jmbm.com, jag@ecf.inforuptcy.com

<u>**COURTESY NEF:**</u> **Steven T Gubner**     sgubner@ebg-law.com, ecf@ebg-law.com

<u>**ATTORNEY FOR DEBTOR: Nina Z Javan**</u>     nina@marguliesfaithlaw.com, Helen@MarguliesFaithlaw.com;Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com;Rebekah@MarguliesFaithlaw.com

<u>**COURTESY NEF:**</u> **Talin Keshishian**     tkeshishian@ebg-law.com, ecf@ebg-law.com

<u>**ATTORNEY FOR DEBTOR: Craig G Margulies**</u>     Craig@MarguliesFaithlaw.com, Victoria@MarguliesFaithlaw.com;Brian@MarguliesFaithlaw.com;Rebekah@MarguliesFaithlaw.com

<u>**ATTORNEY FOR CREDITOR VARILEASE FINANCE, INC.: Richard A Solomon**</u>
richard@sgsslaw.com

<u>**OUST:**</u> **United States Trustee (ND)**     ustpregion16.nd.ecf@usdoj.gov

---

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

*February 2013*                                                                **F 9013-1.2.NO.HEARING.DEC**

## ADDITIONAL SERVICE INFORMATION

| Twenty Largest Unsecured Creditors | | |
|---|---|---|
| VIA FIRST CLASS MAIL:<br>Bethany Press International<br>Attn: Peter Larson, Agent for Service of Process<br>6820 West 115th Street<br>Bloomington, MN 55438 | VIA FIRST CLASS MAIL:<br>Books Are Fun<br>Attn: National Registered Agents, Inc., Agent for Service of Process<br>500 E. Court Ave.<br>Des Moines, IA 50309 | VIA FIRST CLASS MAIL:<br>Concordia Supply Company, Inc.<br>Attn: Steven Belko, Agent for Service of Process<br>10299 Trademark Street<br>Rancho Cucamonga, CA 91730 |
| VIA FIRST CLASS MAIL:<br>Data Storage Corporation<br>Attn: Charles M. Piluso, CEO<br>401 Franklin Avenue, Ste. 103<br>Garden City, NY 11530 | VIA FIRST CLASS MAIL:<br>Dell Financial Services<br>C/O Dell, Inc.<br>Attn: CEO Michael S. Dell<br>2711 Centerville Road, Ste. 400<br>Wilmington, DE 19808 | VIA FIRST CLASS MAIL:<br>Dr. Neil Anderson<br>1768 Masters Drive<br>Franklin, TN 37064 |
| VIA FIRST CLASS MAIL:<br>Eisneramper, LLC<br>Attn: Denise Finney, Director (NJ)<br>111 Wood Ave. South<br>Iselin, NJ 08830 | VIA FIRST CLASS MAIL:<br>Elmer L Towns Literary Trust<br>c/o: Elmer Towns<br>5000 Candlers Mountain Road<br>Lynchburg, VA 24502 | VIA FIRST CLASS MAIL:<br>IBM Corporation<br>Attn: Virginia M. Rometty, CEO<br>New Orchard Road<br>Armonk, NY 10504<br>Attn: Bill Dimos, Bankruptcy Counsel |
| VIA FIRST CLASS MAIL:<br>Jim Burns<br>24331 Timothy Drive<br>Dana Point, CA 92629 | VIA FIRST CLASS MAIL:<br>Kidzmatter/K Magazine, Inc.<br>Attn: Ryan Frank, CEO<br>1 E Bode Road<br>Streamwood, IL 60107 | VIA FIRST CLASS MAIL:<br>Lake Book Manufacturing, Inc.<br>Attn: Bob Flatow, VP Finance<br>2085 N. Cornell Ave.<br>Melrose Park, IL 60160-1002 |
| VIA FIRST CLASS MAIL:<br>Lightning Source, Inc.<br>C/O The Corporation Trust Company, Agent for Service of Process<br>Corporation Trust Center<br>1209 Orange Street<br>Wilmington, DE 19801 | VIA FIRST CLASS MAIL:<br>National Graphic Solutions<br>Attn: Peter Bach, Agent for Service of Process<br>2600 North Ballard Road<br>Appleton, WI 54911 | VIA FIRST CLASS MAIL:<br>Nielsen Soundscan<br>C/O The Nielson Company (US), LLC<br>Attn: Legal Dept.<br>85 Broad Street<br>New York, NY 10004 |
| VIA NEF:<br>RR Donnelley & Sons Co.<br>C/O Ezra Brutzkus Gubner, LLP<br>Attn: Steven T. Gubner, Esq. | VIA FIRST CLASS MAIL:<br>RR Donnelley & Sons Co.<br>35 West Wacker Drive<br>Chicago, IL 60601 | VIA FIRST CLASS MAIL:<br>White, Zuckerman, Warsavsky<br>15490 Ventura Blvd., Suite 300<br>Sherman Oaks, CA 91403<br>Attn: Lucie Mahserejian |
| VIA FIRST CLASS MAIL:<br>SHP Services<br>7430 North Lehigh Avenue<br>Niles, IL 60714<br>Attn: Adam Press, President | VIA NEF:<br>Super G Funding , LLC (dba BizCash)<br>C/O Jeffer, Mangels, Butler & Mitchell, LLP<br>Attn; John Graham, Esq. | VIA FIRST CLASS MAIL:<br>Super G Funding , LLC (dba BizCash)<br>1655 North Fort Myer Drive, No. 700<br>Arlington, VA 22209 |

| Secured Creditors | | |
|---|---|---|
| VIA FIRST CLASS MAIL:<br>Dell Financial Services<br>C/O Dell, Inc.<br>Attn: CEO Michael S. Dell<br>2711 Centerville Road, Ste. 400<br>Wilmington, DE 19808<br>(Also an unsecured creditor) | VIA NEF:<br>RR Donnelley & Sons Co.<br>C/O Ezra Brutzkus Gubner, LLP<br>Attn: Steven T. Gubner, Esq.<br>(Also an unsecured creditor) | VIA NEF:<br>Super G Funding , LLC (dba BizCash)<br>C/O Jeffer, Mangels, Butler & Mitchell, LLP<br>Attn; John Graham, Esq.<br>(Also an unsecured creditor) |

| | | |
|---|---|---|
| VIA NEF:<br>Varilease Finance, Inc.<br>C/O Solomon, Grindle, Silverman & Wintringer<br>Attn: Richard A. Solomon, Attorney for Creditor | VIA FIRST CLASS MAIL:<br>Varliease Finance, Inc.<br>6340 South 3000 East, Suite 400<br>Salt Lake City, UT 84121 | VIA FIRST CLASS MAIL:<br>Xerox Financial Services, LLC<br>Attn: Corporation Service Company, Agent for Service of Process<br>50 Weston St.<br>Hartford, CT 06120-1537 |

| General Partners, Limited Partners, and Shareholders | | |
|---|---|---|
| VIA FIRST CLASS MAIL:<br>Gospel Light Publications Charitable Trust<br>1923 Eastman Avenue, #200<br>Ventura, CA 93003 | VIA FIRST CLASS MAIL:<br>Gospel Light Publications E.S.O.P.<br>1923 Eastman Avenue, Suite 200<br>Ventura, CA 93003 | VIA FIRST CLASS MAIL:<br>Gary S. Greig<br>752 Balfe Street<br>Ventura, CA 93003 |
| VIA FIRST CLASS MAIL:<br>William T. Greig III Family Trust<br>POB 510<br>Twin Peaks, CA 92391-0510 | VIA FIRST CLASS MAIL:<br>The Gary & Kathryn Rowland Revoc. Trust<br>Kathryn Rowland<br>775 Burnham Road<br>Oak View, CA 93022 | VIA FIRST CLASS MAIL:<br>Doris Jane Greig Family Trust<br>Jane Greig<br>195 Grapeview Road<br>Oak View, CA 93022 |

| Parties to Executory Contracts and Unexpired Leases | | |
|---|---|---|
| VIA FIRST CLASS MAIL:<br>Annette Oden<br>9650 Scenic Hills Dr.<br>Semmes, AL 36575-7106 | VIA FIRST CLASS MAIL:<br>Chris Blake<br>7211 Austin St., #285<br>Forest Hills, NY 11375 | VIA FIRST CLASS MAIL:<br>Church Growth Institute<br>Attn. Larry Gilbert<br>POB 7<br>Elkton, MD 21922 |
| VIA FIRST CLASS MAIL:<br>David Teixeira<br>75 SW 68th Ave.<br>Portland, OR 97225 | VIA FIRST CLASS MAIL:<br>David Thornton<br>320 Amador Ave.<br>Ventura, CA 93004 | VIA FIRST CLASS MAIL:<br>Dell Financial Services<br>C/O Dell, Inc.<br>Attn: CEO Michael S. Dell<br>2711 Centerville Road, Ste. 400<br>Wilmington, DE 19808<br>(Also an unsecured creditor) |
| VIA FIRST CLASS MAIL:<br>E. Von Trutzschler<br>2718 Arian Drive #26<br>San Diego, CA 92117 | VIA FIRST CLASS MAIL:<br>Forefront / EMI<br>101 Winners Circle<br>Brentwood, TN 37027 | VIA FIRST CLASS MAIL:<br>Gordon and Becki West<br>1831 E. Hope Street<br>Mesa, AZ 85203 |
| VIA FIRST CLASS MAIL:<br>IBM Credit LLC<br>Mail Drop A2-181<br>6303 Barfield Road<br>Atlanta, GA 30328 | VIA FIRST CLASS MAIL:<br>J. Thomas Boal<br>65 Goodall Ave.<br>Red Deer<br>Alberta T4P 2R4<br>CANADA | VIA FIRST CLASS MAIL:<br>Jack Hayford/Anna Hayford, Trustees<br>Hayford Family Trust<br>11941 Susan Drive<br>Granada Hills, CA 91344 |
| VIA FIRST CLASS MAIL:<br>James Dobson, Inc.<br>Atty.: Shirley Dobson<br>1755 Telstar Drive, #203<br>Colorado Springs, CO 80920 | VIA FIRST CLASS MAIL:<br>Jim Burns<br>24331 Timothy Drive<br>Dana Point, CA 92629<br>(Also an unsecured creditor) | VIA FIRST CLASS MAIL:<br>John Chisum<br>8110 Weatherwax Drive<br>Jenison, MI 49428 |
| VIA FIRST CLASS MAIL:<br>Joni and Friends<br>30009 Lady Face Court<br>Agoura Hills, CA 91301 | VIA FIRST CLASS MAIL:<br>Mail Finance<br>478 Wheelers Farms Road<br>Milford, CT 06461 | VIA FIRST CLASS MAIL:<br>Mark Holmen<br>37483 Deer Ridge Drive<br>Crosslake, MN 56442 |
| VIA FIRST CLASS MAIL:<br>Mike DeVries<br>27892 Festivo<br>Mission Viejo, CA 92692 | VIA FIRST CLASS MAIL:<br>Nancy Gordon<br>Mother's Heart Music<br>Rom Admin Re: N Gordon Rylty<br>PO Box 1252<br>Fairhope, AL 36533 | VIA FIRST CLASS MAIL:<br>Pacific Resources International, LL<br>1057 East Morehead Street, Ste. 100<br>Cliffside, NC 28024-2887 |

| | | |
|---|---|---|
| VIA FIRST CLASS MAIL:<br>Rob Evans<br>350 Meadow Lane<br>Merion Station, PA 19066 | VIA FIRST CLASS MAIL:<br>Ronny Caldwell<br>Peaceable Kingdom Ministries<br>POB 682065<br>Franklin, TN 37068-2065 | VIA FIRST CLASS MAIL:<br>Sarah Moore<br>1347 Roosevelt St.<br>Orlando, FL 32808 |
| VIA FIRST CLASS MAIL:<br>Susan Lingo<br>3310 N. Logan Ave.<br>Loveland, CO 80538 | VIA NEF:<br>Varilease Finance, Inc.<br>C/O Solomon, Grindle, Silverman & Wintringer<br>Attn: Richard A. Solomon, Attorney for Creditor | VIA FIRST CLASS MAIL:<br>Wes Haystead<br>1366 Rubicon<br>Ventura, CA 93003 |
| VIA FIRST CLASS MAIL:<br>Xerox Financial Services<br>45 Glover Avenue<br>Norwalk, CT 06856 | VIA FIRST CLASS MAIL:<br>Xus, LP<br>C/O the Becker Group, Inc.<br>40 S. Ash Street<br>Ventura, CA 93001 | VIA FIRST CLASS MAIL:<br>Zondervan Publishing<br>c/o: Rights & Permissions<br>5300 Patterson SE<br>Grand Rapids, MI 49530 |

| **Parties Requesting Special Notice** |
|---|
| NONE |

| **OTHER** | | |
|---|---|---|
| VIA FIRST CLASS MAIL:<br>Office of the United States Trustee<br>Attn: Brian Fittipaldi<br>128 E. Carrillo St.<br>Santa Barbara, CA 93101 | VIA FIRST CLASS MAIL:<br>Hon. Peter H. Carroll<br>U.S. Bankruptcy Court<br>1415 State Street, Suite 230<br>Santa Barbara, CA 93101 | |