CRAIG G. MARGULIES (SBN 185925)
NINA Z. JAVAN (SBN 271392)
**MARGULIES FAITH, LLP**
16030 Ventura Boulevard, Suite 470
Encino, CA  91436
Telephone:  (818) 705-2777
Facsimile:  (818) 705-3777
Email:  Craig@MarguliesFaithLaw.com
Email:  Nina@MarguliesFaithLaw.com

Attorneys for  Gospel Light Publications
Chapter 11 Debtor and Debtor in Possession

FILED & ENTERED

SEP 24 2015

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY RUST       DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
# CENTRAL DISTRICT OF CALIFORNIA
# NORTHERN DIVISION

| | |
|---|---|
| In re<br><br>GOSPEL LIGHT PUBLICATIONS,<br><br>Debtor and Debtor in Possession. | Case No.: 9:15-bk-11586-PC<br><br>Chapter:   11<br><br>**ORDER APPROVING:**<br><br>**(1) ASSET PURCHASE AGREEMENT BETWEEN THE DEBTOR AND PACIFIC RESOURCES INTERNATIONAL, LLC; AND**<br><br>**(2) SALE OF DEBTOR'S MEMBERSHIP INTEREST IN ZDL HOLDINGS, LLC FREE AND CLEAR OF ALL LIENS, CLAIMS, ENCUMBRANCES, AND INTERESTS PURSUANT TO 11 U.S.C. §§ 105, 363(B), (F) AND (M);**<br><br><u>Sale Hearing:</u><br>Date:     September 22, 2015<br>Time:     10:00 a.m.<br>Place:    U.S. Bankruptcy Court, Ctrm 201<br>          1415 State Street<br>          Santa Barbara, CA 93101 |

The Court having considered the *Emergency Motion of Debtor and Debtor in Possession for Order: (1) Approving Sale of Certain Assets Free and Clear of All Liens, Claims, Encumbrances, and Interests; (2) Approving Overbid and Auction Procedures; and (3) Scheduling an Auction and Hearing to Consider the Sale and Approve the Form*

*and Notices Related Thereto* (the "Sale Motion", Dkt. No. 9)[1] filed by Debtor and Debtor in Possession Gospel Light Publications (the "Debtor"), whereby the Debtor sought an order, among other things, (a) approving certain procedures to conduct a sale by auction (the "Auction") of the Debtor's sixty-three percent membership interest in ZDL Holdings, LLC (the "ZDL Asset") to Pacific Resources International, LLC ("PRI") or the bidder complying with the applicable procedures (the "Bid Procedures") and making a higher and better bid at the Auction, (b) authorizing the sale of the ZDL Asset to PRI (the "Sale Transaction") pursuant to the terms of the "Ownership Interest Redemption Agreement" (the "ZDL APA") (substantially in the form attached to the Sale Motion as **Exhibit "B"**), or alternatively, to the other successful bidder(s) or back-up bidder(s) pursuant to the applicable agreement(s) with such other successful bidder(s) or back-up bidder(s) entered into in accordance with the Bid Procedures, and (c) scheduling the Auction and hearing for the sale of the ZDL Asset; and this Court having entered an order on August 24, 2015 (the "Bid Procedures Order", Dkt. No. 53) approving, among other things, the dates, deadlines and procedures with respect to the Sale Transaction (the "Sale Procedures"), and notice of the Sale Transaction; and no objections to the Sale Transaction having been filed; and no other bids for the ZDL having been submitted; and a hearing having been held on September 22, 2015 (the "Sale Hearing") to consider approval of the ZDL APA and the Sale Transaction; and adequate and sufficient notice of the Sale Motion having been given to all parties in interest; and all parties having been afforded due process and an opportunity to be heard with respect to the Sale Motion and all relief requested therein; and the Court having reviewed and considered: (a) the Sale Motion; and (b) the arguments of counsel made, and the evidence proffered or adduced, at the Sale Hearing; and after due deliberation and sufficient cause appearing:

**IT IS HEREBY FOUND AND DETERMINED THAT**:

A.    This Court has jurisdiction over the Sale Motion under 28 U.S.C. §§ 157 and 1334, and this matter is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (N) & (O).

---
[1] Capitalized terms not otherwise defined herein shall have the meanings set forth in the Sale Motion.

Venue of this bankruptcy case and the Sale Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409.

B.  The statutory bases for relief sought in the Sale Motion are sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code"), Rules 2002, 6004, 6006, and 9014 of the Federal Rules of Bankruptcy Procedure (F.R.B.P.), and Rule 6004-1 of the Local Bankruptcy Rules, Central District of California (L.B.R.);

C.  As evidenced by the affidavits of service on file with the Court, (i) due, proper, timely, adequate, and sufficient notice, and a reasonable opportunity to object or be heard with respect to the Sale Motion and the relief requested therein, has been provided in accordance with the Bankruptcy Code, the F.R.B.P., the L.B.R., the Bid Procedures Order, and the ZDL APA; (ii) such notice was good, sufficient, and appropriate under the circumstances; and (iii) no other or further notice of the Sale Motion is or shall be required.

D.  As demonstrated by (i) evidence adduced at, and prior to, the Sale Hearing and (ii) the representations of counsel made on the record at the Sale Hearing, the Debtor has determined that the ZDL APA represents the highest and/or best offer for the ZDL Asset and that no further marketing or sales process with respect to the ZDL Asset is in the best interest of the Debtor's estate or creditors or is likely to lead to an offer that provides consideration in excess of the consideration provided in the ZDL APA. The Sale Procedures were non-collusive, duly noticed, substantively and procedurally fair to all parties, and were the result of arm's length negotiations. The Bid Procedures Order has been complied with in all material aspects.

E.  Upon entry of this order (the "Sale Order"), the Debtor shall have full authority to consummate the Sale Transaction.

F.  Approval of the ZDL APA and consummation of the Sale Transaction is in the best interests of the Debtor, their estates, creditors, and other parties in interest. The Debtor has demonstrated good, sufficient, and sound business purposes and justifications for the sale to PRI pursuant to section 363(b) of the Bankruptcy Code.

G. The sale price in respect of the ZDL Asset was not controlled by any improper agreement among potential acquirers of the ZDL Asset and neither the Debtor nor PRI engaged in collusion or any other conduct that would cause or permit the ZDL APA or the Sale Transaction to be avoided under section 363(n) of the Bankruptcy Code. Accordingly, neither the ZDL APA nor the Sale Transaction may be avoided and no party shall be entitled to any damages or other recovery pursuant to section 363(n).

H. PRI is a good faith purchaser under section 363(m) of the Bankruptcy Code and, as such, is entitled to all of the protections afforded thereby. PRI is acting in good faith within the meaning of section 363(m) in consummating the Sale Transaction.

I. The consideration which has been provided and which is to be provided pursuant to the ZDL APA: (i) is fair and reasonable; (ii) is the highest and/or best offer for the ZDL Asset; (iii) will provide a greater recovery for the Debtor's creditors that would be provided by any other practically available alternative; and (iv) constitutes reasonably equivalent value and fair consideration.

J. The transfer of the ZDL Asset to PRI will be a legal, valid, and effective transfer of the ZDL Asset and will vest PRI with all right, title, and interest of the Debtor to the ZDL Asset free and clear of all liens, claims, encumbrances, and other interests of any kind and every kind whatsoever (including liens, claims, encumbrances and interests of any Governmental Body), other than liens specifically assumed by PRI under the ZDL APA (if any); provided that all liens, claims, encumbrances and interests of which the ZDL Asset is sold free and clear shall attach to the proceeds of the sale, in order of priority. The Debtor may sell the ZDL Asset free and clear of all such liens, claims, encumbrances, and interests because one or more of the standards set forth in sections 363(f)(1) through (5) of the Bankruptcy Code have been satisfied.

K. The ZDL APA is a valid and binding contract between the Debtor and PRI, which is and shall be enforceable according to its terms.

L. There is other good and sufficient cause to grant the relief requested in the Sale Motion and approve the ZDL APA and the Sale Transaction.

**THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT**:

1. The Sale Motion is **GRANTED**.

2. Except as otherwise provided in this Sale Order, any objections (if any) to the Sale Motion or the entry of this Sale Order which have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby **DENIED** and **OVERRULED**.

3. The ZDL APA, including all of its terms and conditions, and the Sale Transaction, are hereby approved.

4. Pursuant to section 363 of the Bankruptcy Code, the Debtor is authorized to (i) execute, deliver, and perform under, consummate, and implement the ZDL APA together with all additional instruments and documents that are requested by PRI and may be reasonably necessary or desirable to implement the ZDL APA, and (ii) take any and all actions as they deem necessary, appropriate, or advisable for the purpose of assigning, transferring, granting, conveying, and conferring to PRI or reducing to PRI's possession, the ZDL Asset, or as may be necessary or appropriate to the performance of the obligations as contemplated by the ZDL APA, including, without limitation, any and all actions reasonably requested by PRI to effectuate the ZDL APA.

5. Pursuant to sections 105(a) and 363(f) of the Bankruptcy Code, upon the Closing (as defined in the ZDL APA): (i) the transfer of the ZDL Asset to PRI pursuant to the ZDL APA shall constitute a legal, valid, and effective transfer of the ZDL Asset and shall vest PRI with all right, title, and interest in and to the ZDL Asset; and (ii) the ZDL Asset shall be transferred to PRI free and clear of all liens, encumbrances, and other interests of any kind and every kind whatsoever (including liens, claims, encumbrances and interests of any Governmental Body), other than liens specifically assumed by PRI under the ZDL APA (if any), in accordance with section 363(f) of the Bankruptcy Code, with any such liens, claims, encumbrances and interests of which the ZDL Asset is sold free and clear to attach to the proceeds of the Sale Transaction in the order of their priority, with the same validity, force, and effect which they had against the ZDL Asset

prior to the entry of this Sale Order, subject to any rights, claims, and defenses the Debtor and all interested parties may possess with respect thereto.

6. This Sale Order shall be effective as a determination that all liens, claims, encumbrances and interests, other than liens specifically assumed by PRI under the ZDL APA (if any), shall be and are, without further action by any person, released with respect to the ZDL Asset as of the Closing Date.

7. Except to the extent expressly included in the ZDL APA or to enforce the ZDL APA, pursuant to sections 105 and 363 of the Bankruptcy Code, all persons and entities shall be forever barred, estopped, and permanently enjoined from asserting, prosecuting, or otherwise pursuing such liens, claims, encumbrances, or other interests, whether by payment, setoff, or otherwise, directly or indirectly, against PRI or any affiliate, successor, or assign thereof, or against the ZDL Asset.

8. The consideration provided by PRI for the ZDL Asset under the ZDL APA is fair and reasonable. After Closing, the Debtor shall pay the remaining $75,000.00 of the purchase price to Super G Funding, LLC. There are no other liens, claims or encumbrances that shall attach to the sale proceeds from the sale of the ZDL Asset.

9. The ZDL APA and the Sale Transaction shall not be avoided under section 363(n) of the Bankruptcy Code, and no party shall be entitled to any damages or other recovery pursuant to section 363(n) in respect of the ZDL APA or the Sale Transaction.

10. The ZDL APA and the Sale Transaction are undertaken by PRI in good faith, as that term is used in section 363(m) of the Bankruptcy Code and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the ZDL APA and the Sale Transaction shall not affect the validity of the sale of the ZDL Asset to PRI or any other aspect of the Sale Transaction, unless this Sale Order is duly stayed pending such appeal. PRI is a good faith purchaser of the ZDL Asset and is entitled to all of the benefits and protections afforded by Section 363(m) of the Bankruptcy Code.

///

11.     This Sale Order is and shall be binding upon, and shall govern acts of all entities including, without limitation, all filing agents, filing officers, title agents, title companies, recorders of mortgages, recorders of fees, registrars of deed, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities, who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments that reflect that PRI is the assignee and owner of the ZDL Asset free and clear of all liens, claims, encumbrances, and interests, other than liens specifically assumed by PRI under the ZDL APA (if any) (all such entities being collectively referred to as "<u>Recording Officers</u>").  All Recording Officers are authorized and specifically directed to strike recorded claims, liens, and interests against the ZDL Asset recorded prior to the date of this Sale Order, other than liens specifically assumed by PRI under the ZDL APA, if any.

12.     The terms and provisions of the ZDL APA and other ancillary agreements, and this Sale Order, shall be binding in all respects upon, and shall inure to the benefit of, the Debtor, PRI, and their respective affiliates, successors, and assigns, and any affected third parties, notwithstanding the dismissal of the Debtor's bankruptcy case or any subsequent appointment of any trustee(s) under any chapter of the Bankruptcy Code or conversion of the Debtor's bankruptcy case to a case under Chapter 7, as to which trustee(s) such terms and provisions likewise shall be binding and not subject to rejection or avoidance.  The ZDL APA, the Sale Transaction, and this Sale Order shall be binding upon, and shall not be subject to rejection or avoidance by, any Chapter 7 or Chapter 11 trustee appointed in the Debtor's bankruptcy case.  Further, nothing contained in any plan of reorganization (or liquidation) or any other order entered in this case shall conflict with, or derogate from, the provisions of the ZDL APA or the terms of this Sale Order.

13.     The failure to include specifically any particular provision of the ZDL APA in this Sale Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the ZDL APA be authorized and approved in its entirety.

14. To the extent that any inconsistency between the provisions of this Sale Order, the ZDL APA, and any documents executed in connection therewith exists, the provisions contained in this Sale Order, the ZDL APA, and any documents executed in connection therewith shall govern, in that order.

15. Notwithstanding the possible applicability of F.R.B.P. 6004(h), 6006(d), or 7062, this Sale Order shall be effective and enforceable immediately upon entry of the Sale Order and shall not be stayed.

16. This Court shall retain exclusive jurisdiction to resolve any controversy or claim arising out of, or related to, this Sale Order, the ZDL APA, or any other related agreements, including without limitation: (a) any actual or alleged breach or violation of this Sale Order, the ZDL APA, or any related agreements; (b) the enforcement of any relief granted in this Sale Order; or (c) otherwise set forth in the ZDL APA.

### 

Date: September 24, 2015

Peter H. Carroll
United States Bankruptcy Judge